UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER-JASON HELFRICH, | No.  2:26-cv-1012-DJC-CKD (PS) |
| Plaintiff, | |
| v. | ORDER AND |
| COMERICA BANK, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

On March 20, 2025, proceeding without counsel, plaintiff Peter-Jason Helfrich filed a complaint, motion for temporary restraining order ("TRO"), motion to proceed in forma pauperis, and motion to e-file. (ECF Nos. 1, 2, 3, 4.)[1] This case is referred to the undersigned by operation of Local Rule 302(c)(21) and 28 U.S.C. § 636. For the reasons set forth below, plaintiff's motion for TRO (ECF No. 2) should be denied.

The court will screen plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and address plaintiff's other pending motions in due course, but first plaintiff must re-file a signed pleading. Every pleading, motion, or paper filed with the court must be signed by at least one attorney of record or personally signed by a party who is not represented by an attorney. See Fed. R. Civ. P. 11(a); Local Rule 131(b). An electronic signature such as, for example, one in the form /s/John

---

[1] Each of these filings appears to be the same document styled as "Combined Complaint, TRO, and IFP Request."

1

Doe is only accepted on documents filed electronically by an attorney or when a party appearing pro se has been authorized to file documents electronically and that signature is accompanied by a statement that the original signature has been retained by that party.[2]

### I.    Background

Plaintiff's complaint seeks relief under the Electronic Fund Transfer Act ("EFTA") and alleges defendant has refused to process an ACH transfer of Social Security Disability funds from plaintiff's Direct Express account to his Chase bank account. (ECF No. 1.) The complaint seeks damages and declaratory and injunctive relief. (Id. at 3.) Plaintiff also seeks a preliminary injunction and TRO. (Id.; ECF No. 2.) The motion for TRO is appropriate for decision without oral argument under Local Rule 230(g).

### II.    Legal Standard

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the same factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, ... likely to suffer irreparable harm in the absence of preliminary relief, ... the balance of equities tips in [its] favor, and ... an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) ("Winter"); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Courts within this circuit may also consider a request for a temporary restraining order or preliminary injunction using a "sliding scale" test in which "a stronger showing of one element

---

[2] See, e.g., Arzamendi v. Wells Fargo Bank, N.A., No. 1:17-CV-01485-LJO-SKO, 2018 WL 4616345, at *1 (E.D. Cal. Sept. 24, 2018) (citing Local Rule 131(f)); Nible v. Macomber, No. 2:24-CV-01259-DJC-CSK, 2025 WL 307405, at *3 (E.D. Cal. Jan. 27, 2025) ("Plaintiff is instructed that while he remains pro se, he must comply with Federal Rule of Civil Procedure 11 and Local Rule 131(b), and personally sign all future pleadings, motions, and papers submitted to the court rather than typing his name as his signature.").

may offset a weaker showing of another." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." <u>Where Do We Go Berkeley v. California Dep't of Transp.</u>, 32 F.4th 852, 859 (9th Cir. 2022) (citing <u>Alliance for the Wild Rockies</u>, 632 F.3d at 1135).

The Eastern District of California's local rules impose specific requirements on those who request a temporary restraining order. <u>See</u> Local Rule 231. When deciding whether to issue a temporary restraining order, the court may rely on declarations, affidavits, and exhibits, among other things. <u>See</u> <u>Johnson v. Couturier</u>, 572 F.3d 1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at summary judgment or trial. <u>Id</u>; <u>Flynt Distrib. Co. v. Harvey</u>, 734 F.2d 1389, 1394 (9th Cir. 1984).

**III.    Analysis**

Plaintiff seeks an order prohibiting defendant from continuing to block the requested ACH transfer. (ECF No. 2 at 3.) He alleges defendant's refusal of the transfer is "economically destabilizing" and impairs his ability to manage subsistence funds effectively. (<u>Id.</u> at 3.) "Monetary damages alone would not restore immediate access to subsistence funds." (<u>Id.</u>)

Aside from not being personally signed as required by the applicable rules, plaintiff's request for emergency injunctive relief is procedurally defective in a manner that prevents the court from granting relief. Plaintiff has not filed an affidavit in support of the existence of an irreparable injury for a TRO, <u>see</u> Local Rule 231(c), or otherwise provided evidence that support the motion's unverified allegations that irreparable harm is imminent. A motion seeking preliminary injunctive relief must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings" such as, for example, declarations or affidavits. <u>Fid. Nat. Title Ins. Co. v. Castle</u>, No. C 11-00896 SI, 2011 WL 5882878, at *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)).

Without evidence to support his unverified allegations, plaintiff fails to demonstrate a likelihood of success on the merits of his EFTA claim. This is the important <u>Winter</u> factor, and it

3

is also relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). In addition, plaintiff has not demonstrated immediate threatened injury or a likelihood of irreparable harm as a prerequisite to preliminary injunctive relief. See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

Plaintiff's allegations of irreparable harm do not suffice. He does not allege he has no other way to access the funds at issue and does not identify any specific consequences that will result from defendant's refusal to process the requested ACH transfer at issue. Plaintiff also has not adequately explained why legal remedies cannot suffice to compensate him for any monetary damages. For all these reasons, plaintiff has not demonstrated immediate threatened injury or a likelihood of irreparable harm as a prerequisite to preliminary injunctive relief. See FDIC v. Garner, 125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not remote or speculative"), cert. denied, 523 U.S. 1020 (1998); Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 471 (9th Cir. 1984) ("Mere financial injury ... will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation.").

Without showing a likelihood of success on the merits or a likelihood of irreparable harm, plaintiff cannot establish that a temporary restraining order or preliminary injunction is appropriate. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 555 U.S. at 20).

**IV.      Order and Recommendation**

For the reasons set forth above, IT IS ORDERED that plaintiff shall re-file a signed copy of the "Combined Complaint, TRO, and IFP Request" or otherwise file a signed pleading within 30 days of the date of this order; plaintiff is cautioned that failure to do so will result in a recommendation that this case be dismissed.

In addition, IT IS RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 2) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 24, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, helf26cv1012.tro

5