UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER-JASON HELFRICH,

      Plaintiff,

    v.

COMERICA BANK,

      Defendant.

No.  2:26-cv-1012-DJC-CKD (PS)

FINDINGS AND RECOMMENDATIONS

On March 20, 2026, proceeding without counsel, plaintiff Peter-Jason Helfrich filed a complaint, a motion for temporary restraining order ("TRO"), a motion to proceed in forma pauperis, and a motion to e-file. [1] (ECF Nos. 1, 2, 3, 4.)

On March 25, 2026, the undersigned found plaintiff had not properly initiated this action with a signed pleading as required by Rule 11(a) of the Federal Rules of Civil Procedure and Local Rule 131(b). The undersigned also recommended the motion for a temporary restraining order be denied; the district judge assigned to this case adopted that recommendation and denied the motion for temporary restraining order. (ECF Nos. 5, 6.)

////

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

The time granted for plaintiff to file a signed pleading in order to properly initiate this case has expired. Plaintiff has not filed a signed pleading, requested an extension of time to do so, or otherwise responded to the court's order dated March 25, 2026.

In the court's order dated March 25, 2026, plaintiff was specifically cautioned that failure to file a signed pleading within 30 days "will result in a recommendation that this case be dismissed." (ECF No. 5 at 4.) Despite this warning, plaintiff has failed to take the action necessary to properly commence this case.

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss an action, the court considers several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

The court has considered the factors set forth above and finds they favor dismissal. Plaintiff's failure to file a signed pleading to properly initiate this case and failure to comply with the court's order suggests plaintiff has abandoned this action. This case cannot proceed without plaintiff's participation. Thus, there is no suitable alternative to dismissal.

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. This case be dismissed without prejudice for plaintiff's failure to prosecute and failure to comply with the court's order to file a signed pleading in order to properly initiate this case.

2. Plaintiff's pending motions (ECF Nos. 3, 4) be denied as moot; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate

2

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 1, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 helf26cv1012.fr

3